And our last case for argument this morning is Asad Ashfaq v. Merrick Garland. Come on up. Mr. Giacalone, did I pronounce that correctly? Yes. Okay. May it please the court, Joseph Giacalone for the petitioner and repellent in this case. Petitioner is eligible for withholding of removal or deferral of removal pursuant to INA section 208 section 24B. Petitioner is a refugee pursuant to INA section 101A.42 who has a well-founded fear of persecution on account of his refusal to work for two different factions of a Pakistani political party, MQM, which was founded in 1984 by Abtaf. Counsel, does it make sense for us to first figure out what questions are properly before us? What do we have jurisdiction to hear? Let's take first the asylum application. Okay. As far as the asylum application, I think that was waived and we would proceed to the withholding of removal standard on that. So the asylum application, that argument's been waived? I believe so, yes. Okay. And what about, I guess, the second argument before we go to the withholding? Is it the torture? Go ahead. Yeah. Well, there's a convention against torture, you know, as well, which is an issue. And in those matters, an appellant seeking deferral of removal under CAT bears the burden of establishing Do we have jurisdiction to hear that one? Excuse me? Do we have jurisdiction to hear that one? Yes, you do. Okay. And so that was not waived below? That's correct. Yes. And where do we find that in the record? I know the board found that that one had been waived. I'm sorry? The board had found that that issue had been waived? I don't believe so. Okay. The standard is more likely than not that he or she would be tortured in a proposed country of removal. The court interprets the standard liberally, requiring a substantial risk that a given alien will be tortured if removed from the United States, and that's in Barnard v. Sessions. Both factions of these different political organizations of MQM and also an additional one, PPP, are extensions of the Pakistani government, wielding great power to influence the citizens of the country. They govern with impunity. Pakistani society is governed by fear, threats, and violence. The past violence and threats to my client's life show that if Petitioner is to return to Pakistan, he would be a victim of torture. Anyone opposing the major political parties with the history of rejecting them in the past is a clear target of violence and torture. Is this an argument about past persecution?  Yeah, that's the main argument, Your Honor. But the problem is that the immigration judge determined that that argument failed because there was insufficient evidence that any past persecution, if it occurred, was inflicted on account of a protected ground, and there was no challenge to that finding before the So we can't address the past persecution issue because even assuming there's adequate evidence of past persecution, it must be on a protected – that it was inflicted on account of a protected ground, and that argument was waived. So it's not going to get you anywhere to rehash the past persecution claim. What's left is the future persecution claim, and the board decided that on the basis of relocation, that your client could avoid future harm by relocating and could safely do so and it would be reasonable to expect him to do so. And I did not see any argument challenging that finding of the board in this court. So I think that's waived in this court. Okay. So everything else has been waived at the board level, and the one argument that you could have raised here you haven't engaged with. Well, I mean, if it's okay, I'd like to address the relocation element. Well, you didn't address it in your brief, so that's a waiver. Okay. Okay. Well, those are the issues that I had. The past persecution, withholding of removal. I mean, my main point is that there's a clear pattern and practice in Pakistan for groups to persecute members of other political parties. There's a history of police executions there. They have carried out threats of violence and even murdered police officers. This is the current state of affairs in Pakistan. And if Mr. Asfaq returned, he would be targeted for harm. That's my main argument in regards to the relocation. You know, I've cited a couple cases here. I think you're indicating that if I can only address the relocation issue or if that is waived, then I have nothing to add. Thank you. Thank you, Your Honors. Ms. Shea. May it please the Court. My name is Jacqueline Shea on behalf of the Attorney General of the United States. I ask this Court to come to the following conclusion. This Court should decline to consider the only issue that the Board considered in the merits in this case because it's waived in this case. Petitioner did not challenge the immigration judge's determination that he could reasonably relocate to avoid harm in his brief to the Board. And he waived challenge before this Court in its opening brief. There's only one specific sentence involved in internal location, and that's in his reply brief on page 5. Accordingly, this Court should not disturb the agency's internal relocation finding, which is dispositive of all three claims of relief in this case, asylum, CAT, and withholding of removal. Additionally, Your Honor, you asked about the asylum claim, and that's waived. He conceded that. The CAT claim is also waived. On page 4 of the Board's decision in this case, it found that it was waived. And there was, Your Honor, no challenge at all to the issue of nexus in this case in the Board's decision in his opening brief, and that is also dispositive of this case. Unless Your Honors have any additional questions, I'll briefly conclude. Thank you. Petitioner waived challenge to the agency's internal location finding, and this Court should decline to consider the issue and deny the petition. Thank you, Your Honors. Thank you. Mr. Giacalone, anything in rebuttal? Yes. I do understand that there is often a waiver in incessance. One could consider that a type of technicality, and when one focuses on the totality of the this calculus right now, and I think there was past persecution. I think that relocation would be very detrimental to him and harmful because Pakistan is such a violent place, and I believe that those issues should be taken into consideration in this matter. Thank you. Thank you. Our thanks to both counsel. The case is taken under advisement, and that concludes today's hearing.